RECEIVED
SDNY PRO SE OFFICE
2015 SEP 24 PM 1:55

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 9/24/15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ALAN JULES WEBERMAN
Independent Research Associates
318 3rd Avenue #520
New York, New York 10010

Case No.

15 CV 02789
JUDGE PAULEY

Plaintiff,

vs.

CENTRAL INTELLIGENCE AGENCY
Office of General Counsel
Washington, DC 20505,

Defendant

AMMENDED COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF

Plaintiff, Independent Research Associates, brings this action against Defendant Central Intelligence Agency ("CIA") to compel compliance with the Freedom of information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefore, Plaintiff alleges as follows:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

PARTIES

3. Plaintiff is a researcher working closely with the Government of Portugal to finally solve the mystery of *Camarate*. On December 4, 1980 the Prime Minister of Portugal, Sá Carneiro,

and the Defense Minister, Amaro da Costa, were on board a plane which crashed immediately after takeoff. Also on the plane were Snu Abecassis, the Prime Minister's partner, the wife of the Defense Minister, Antonio Patrico Gouveia an aide, and two pilots. All were killed along with an unidentified man on the ground. The plane crashed in Camarate, in the suburbs of Lisbon, and thus the mystery of Camarate was born. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff regularly serves FOIA requests on federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public and in this case to the Portuguese Parliament. In April 2015 Plaintiff testified before the Camarate Committee of the Portuguese Parliment. **SEE EXHIBIT A.**

4. Defendant is an agency of the United States Government and is headquartered at Central Intelligence Agency, General Counsel's Office, Washington, DC 20505. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5. CLAIM UP WHICH RELIEF SHOULD BE GRANTED

The FOIA's statutory language, as the Supreme Court ruled in *Kissinger v. Reporters Committee for Freedom of the Press*, makes federal jurisdiction dependent upon a showing that an agency has (1) "improperly," (2) "withheld," (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if

AMMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

the agency has contravened all three components of this obligation. (445 U.S. 136, 150 (1980). By being a party to the assassination of the Prime Minister of Portugal the CIA violated Executive Orders against the assassination of foreign leaders. The first, Executive Order 11905, Sec. 5(g), 1 41 Fed. Reg. 7703, 7733 (President Gerald Ford, 2/19/76), was part of an executive order issued by President Ford in response to concerns raised in the 1970's with respect to alleged abuses by the U.S. intelligence community. A select committee chaired by Senator Frank Church (the Church Committee), in its interim report, addressed allegations of possible U.S. involvement in assassination plots against certain foreign leaders. This section of E.O. 11905 stated, "Prohibition of Assassination. No employee of the United States Government shall engage in, or conspire to engage in, political assassination."

On December 4, 1981, President Ronald Reagan issued Executive Order 12333 on "United States Intelligence Activities." Section 2.11 of the order provides: "Prohibition on Assassination. No person employed by or acting on behalf of the United States Government shall engage in, or conspire to engage in, assassination." Section 2.12 of the order prohibits indirect participation in activities prohibited by the order, stating: "Indirect participation. No agency of the Intelligence Community shall participate in or request any person to undertake activities forbidden by this Order." E.O. 12333 is still in force. The CIA is improperly withholding documents implicating it in a violation of an EO.

AMMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

The automatic declassification provisions of Executive Order 13256 (formerly EO 12958, as amended) require the declassification of nonexempt historically valuable records 25 years or older. The EO was originally issued in April 1995 and via amendment established 31 December 2006 as the first major deadline for automatic declassification under the "25-year program". By that date, agencies were to have completed the review of all hardcopy documents determined to contain exclusively their equities. For CIA, the 2006 deadline covered the span of relevant documents originally dating from the establishment of the CIA after WWII through 1981.

STATEMENT OF FACTS

5. On May 21, 2013, Plaintiff electronically sent a FOIA request to Defendant, seeking access to the following records: All CIA documents on Fernando Farinha Simoes and Jose Antonio dos Santos Esteves along with identifying data. Defendant acknowledged receipt of Plaintiffs FOIA request by letter dated June 4, 2013. See **EXHIBIT B**. Defendant refused to acknowledge the existence of non existence of requested records. On July 4, 2013 Plaintiff appealed this determination. See **EXHIBIT C**. On July 26, 2013 Defendant acknowledged receipt of appeal. See **EXHIBIT D**. On September 27, 2013 Plaintiff's appeal was denied. See **EXHIBIT E**.

6. The following are the reasons the documents were withheld in their entirety.

CODE OF FEDERAL REGULATIONS FROM EXECUTIVE ORDER 13526

Sec. 3.6. Processing Requests and Reviews.

AMMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

- 4 -

> Notwithstanding section 4.1 (i) of this order, in response to a request for information under the Freedom of Information Act, the Presidential Records Act, the Privacy Act of 1974, or the mandatory review provisions of this order: (a) An agency may refuse to confirm or deny the existence or nonexistence of requested records whenever the fact of their existence or nonexistence is itself classified under this order or its predecessors.

## GLOMAR RESPONSE

Refusal by the agency to either confirm or deny the existence or non-existence of records responsive to a FOIA request. See exemptions (b) (1), (b) (6), and (b) (7)(C) at subpart D of this part.

How can CIA classify something that doesn't exist? This indicates that documents on these men do exist.

## CIA ACT OF 1949

> Protection of Nature of Agency's Functions Sec. 6. [50 U.S.C. Sec. §403g]
>
> In the interests of the security of the foreign intelligence activities of the United States and in order further to implement section 403-1(i) of this title that the Director of National Intelligence shall be responsible for protecting intelligence sources and methods from unauthorized disclosure, the Agency shall be exempted from the provisions of sections 1 and 2 of the Act of August 28, 1935 (49 Stat. 956, 957; 5 U.S.C. §654), and the provisions of any other law which require the publication or disclosure of the organization, functions, names, official titles, salaries, or numbers of personnel employed by the Agency: Provided, That in

AMMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

furtherance of this section, the Director of the Office of Management and Budget shall make no reports to the Congress in connection with the Agency under section 607 of the Act of June 30, 1945, as amended (5 U.S.C. §947(b)).

This indicates the men were connected with CIA or CIA had intelligence on them.

(i) PROTECTION OF INTELLIGENCE SOURCES AND METHODS.
(1)

    The Director of National Intelligence shall protect intelligence sources and methods from unauthorized disclosure.

    (2) Consistent with paragraph (1), in order to maximize the dissemination of intelligence, the Director of National Intelligence shall establish and implement guidelines for the intelligence community for the following purposes:

    (A) Classification of information under applicable law, Executive orders, or other Presidential directives.

    (B) Access to and dissemination of intelligence, both in final form and in the form when initially gathered.

    (C) Preparation of intelligence products in such a way that source information is removed to allow for dissemination at the lowest level of classification possible or in unclassified form to the extent practicable.

    (3) The Director may only delegate a duty or authority given the Director under this subsection to the Principal Deputy Director of National Intelligence.

AMMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

This indicates that since the Director has to get involved this is information that links CIA to the Camarate event.

7. The Court should note that the most recent development in this case is the confession of two long time suspects, Fernando Farinha Simoes and Jose Antonio dos Santos Esteves, who both admitted to conspiring to place a bomb on board the ill fated flight. Both named Watergate burglar Frank Sturgis as a co-conspirator. This researcher has written extensively on Camarate as well as on Frank Sturgis.

8. As a result this is an exceptional case and the need to protect the information is outweighed by the public's need to know.

COUNT 1

(Violation of FOIA)

9. Plaintiff re-alleges paragraphs 1 through 8 as stated herein.

10. Defendant has violated FOIA by failing to produce any and all records responsive to Plaintiffs May 21, 2013 request.

11. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) order Defendant to search for and produce any and all non-exempt records responsive to Plaintiffs May 21, 2013 request and a Vaughn index of allegedly exempt records responsive to the request by a date certain; compel defendants to provide to the Court and plaintiff a detailed and specific justification, itemization, and indexing, as required by law, for their refusal to disclose the requested records and documents. *Vaughn v. Rosen*, 484 F. 2d 820 (DC Cir. 1973), *Ash Grove Cement Co. v. FTC*, 511 F. 2d 815 (DC Cir 1975), *Pacific Architects and Engineers.Inc. v. Renegotiation Board*, 505 F 2d 383 (DC Cir 1974); *Cuneo v. Schlesinger*, 484 F 2d 1086 (DC Cir. 1973).

12. Plaintiff seeks an order of this Court compelling the defendants to provide the information mandated by the law, as stated in *Vaughn v. Rosen*, so that plaintiff can adequately perform his adversary role as proponent of disclosure of the requested documents and records, and so that the Court can base its decision on the type of detailed records which our Court of Appeals require in FOIA cases. The order sought, on the other hand, would not significantly burden the defendants, but only require them to provide the Court and the plaintiff with information which defendants should have prepared in the court of the administrative determination of the problem at issue. Furthermore, such an order will contribute to the expedition to which FOIA cases are entitled by statute.

13. A. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request;

B. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the Request

14. Grant Plaintiff an award of filing fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

A. J. Weberman, pro se
Independent Research Associates
345 East 94th St New York NY 10128
212-987-8659
Attorneys/or Plaintiff

AMMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Dated this SEPTEMBER 22, 2015
_____

AMMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

EX A

# LETTER FROM MEMBER OF CAMARATE COMMISSION REGARDING FREEDOM OF INFORMATION REQUEST

## TO WHOM IT MAY CONCERN

I am presently participating in a Commission in the Portuguese Parliament, dedicated to analyse the circumstances in which the plane, that carried the Portuguese Prime Minister, fell, in December 1980. It is expected that this Commission will continue to work for the next five months.

I participate in this Commission as a representative of the victims of this aeroplane crash, since I am the bother of one of the victims, António Patricio Gouveia. António was at the time, the chief of cabinet of the Portuguese Prime Minister.

We know that Mr. Jim Hunt and Mr. A J Weberman have been in contact with same entities, namely the CIA, in order to gather information regarding this event, in accordance with the Freedom of Information Act. Under FOIA/PA I wish all INS documents on Frank Anthony Sturgis, AKA Frank Anthony Fiorini born December 9, 1924 – died December 4, 1993. Proof of death. I am willing to assume all costs of search and duplication. I am especially interested in any travel he made to Portugal or Europe from 1975 to 1985.

As a member of this Portuguese Parliament Commission, I would be grateful if the information concerning this matter, requested by both Mr. Jim Hunt and Mr. A J Weberman, be granted, since it will also be taken into consideration by this Commission.

With our best regards

*Alexandre Patricio Gouveia*

Alexandre Patricio Gouveia



*Assembleia da República*

## DELIBERAÇÃO

A X Comissão Parlamentar de Inquérito à Tragédia de Camarate, no quadro das averiguações que tem em curso e para esclarecimento de factos que se prendem com depoimentos prestados pelos cidadãos norte-americanos Jim Hunt e Allan Weberman, bem como com outros elementos constantes do processo, necessita de obter as informações e registos existentes nos arquivos da CIA - Central Information Agency sobre as seguintes pessoas e entidades:

- FERNANDO FARINHA SIMÕES e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português;

- JOSÉ ANTÓNIO ESTEVES e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português;

- FRANK STURGIS ou FRANK FIORINI e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português, assim como dados sobre a sua estadia em Lisboa ao longo do ano de 1980;

- VILFRED NAVARRO e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português;

- PHILIP SNELL e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português;

- OLIVER NORTH e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português, assim como dados sobre a sua estadia em Lisboa ao longo do ano de 1980;

- GERY VAN DYKE e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português;

- WILLIAM HASSELBERG e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português;

- SINAN LEE RODRIGUES, que também usava outros nomes (SINAN EBRAHIM HASSAM SHIWANI, captain SINAN LEE, captain L. R. SINAN, captain STAN VALDEZ SAVAGE, captain HASSAN SINAN EL-KINDY, captain SINAN STEEL, captain TIRIE, S.E.HASSAN, KHALID JAVID, JUAN RODRIGUES, VALDEZ SHAFT BUCCANEER, SIAN ABRAHIM HASSAN EL-KINDY, SIAN HUSSAN MOHAMED, ABDUL HAMID MOHAMED, ABDUL HAMEED ABDULLA, VALDEZ SATAN SAVAGE, GRAVEDIGGER JUNES, captain SINAN EL-KINDI APACHE, S.L. ROBINSON, SINAN STEEL), e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português;



ASSEMBLEIA DA REPÚBLICA

- JOSÉ BERNARDO CANTO E CASTRO e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português;

- JUANITA MARCELLA DE VALDERANO e eventuais actividades desenvolvidas para a CIA, ou com a CIA, em território português;

- CODECO (Comandos de Defesa da Civilização Ocidental) e suas actividades em Portugal nos anos de 1975 a 1980;

- agentes da CIA operando em Lisboa no ano de 1980.

Assim:

A X Comissão Parlamentar de Inquérito à Tragédia de Camarate delibera:

- proceder ao pedido junto da CIA - Central Intelligence Agency, nos Estados Unidos da América, das informações acima indicadas através dos canais parlamentares, oficiais e diplomáticos adequados, sem prejuízo de outros meios legais que possam utilizados, nomeadamente de acordo com o *Freedom of Information Privacy Act*.

Comunique-se à Senhora Presidente e ao Governo, para os devidos efeitos.

Faculte-se cópia aos depoentes Jim Hunt e Allan Weberman.

Palácio de S. Bento, 16 de Abril de 2015

Central Intelligence Agency



Washington, D.C. 20505

4 June 2013

Mr. Alan Weberman
New York, NY  10128

Reference: F-2013-01762

Dear Mr. Weberman:

This is a final response to your 21 May 2013 Freedom of Information Act (FOIA) request, received in the office of the Information and Privacy Coordinator on 22 May 2013, for information on the following:

1. Fernando Farinha Simões, born in Lisbon, Portugal, on 23 November 1952, Portuguese citizen, presently in jail at Vale de Judeus, Portugal.

2. José António dos Santos Esteves, born in Angola (former Portuguese colony), on 14 May 1953, presently alive, Portuguese citizen, living in Lisbon, Portugal.

We have assigned your request the reference number above. Please use this number when corresponding so that we can identify it easily.

In accordance with section 3.6(a) of Executive Order 13526, the CIA can neither confirm nor deny the existence or nonexistence of records responsive to your request. The fact of the existence or nonexistence of requested records is currently and properly classified and is intelligence sources and methods information that is protected from disclosure by section 6 of the CIA Act of 1949, as amended, and section 102A(i)(1) of the National Security Act of 1947, as amended. I have enclosed an explanation of these exemptions for your reference and retention. As the CIA Information and Privacy Coordinator, I am the CIA official responsible for this determination. You have the right to appeal this response to the Agency Release Panel, in my care, within 45 days from the date of this letter. Please include the basis of your appeal.

Sincerely,

Michele Meeks
Information and Privacy Coordinator

Enclosure



A. J. Weberman
345 East 94th Street 28C
New York, New York 10128

CIA FOIA/PA
Washington, D.C. 20205

     Under provision FOI/PA I wish to appeal the determination in F-2013-01762. The automatic declassification provisions of Executive Order 13256 (formerly EO 12958, as amended) require the declassification of nonexempt historically valuable records 25 years or older. Camarate was December 1980. From the exemptions cited in the initial letter I know this request is fruitless but do so anyway to exhaust all my administrative appeals.

Signed

A. J. Weberman
Thursday, July 04, 2013

Central Intelligence Agency



Washington, D.C. 20505

26 July 2013

Mr. Alan Weberman
345 East 94th Street
Apartment 28C
New York, NY  10128

Reference: F-2013-01762

Dear Mr. Weberman:

We received your 22 May 2013 facsimile appealing our 8 April 2013 final response to your Freedom of Information Act request for the following:

1. Fernando Farinha Simões, born in Lisbon, Portugal, on 23 November 1952, Portuguese citizen, presently in jail at Vale de Judeus, Portugal.

2. José António dos Santos Esteves, born in Angola (former Portuguese colony), on 14 May 1953, presently alive, Portuguese citizen, living in Lisbon, Portugal.

Please continue to use this case reference number so that we can more easily identify your appeal.

You are appealing our initial determination to neither confirm nor deny you material responsive to your request. *Your appeal has been accepted and arrangements are being made for its consideration by the Agency Release Panel.*

You will be advised of the panel's determination. In order to afford requesters the most equitable treatment possible, we have adopted the policy of handling appeals on a first-received, first-out basis. Despite our best efforts, however, the large number of public access requests CIA receives creates processing delays making it unlikely that we can respond to you within 20 working days. In view of this, some delay in our reply must be expected, but every reasonable effort will be made to respond as soon as possible.

Sincerely,

Michele Meeks
Information and Privacy Coordinator

Case 1:15-cv-02789-WHP   Document 9   Filed 09/24/15   Page 16 of 17

Central Intelligence Agency



Washington, D.C. 20505



27 September 2013

Mr. Alan Weberman
345 East 94th Street
Apartment 28C
New York, NY  10128

Reference: F-2013-01762

Dear Mr. Weberman:

This responds to your 4 July 2013 letter appealing our 4 June 2013 final response to your Freedom of Information Act (FOIA) for information on the following:

1. Fernando Farinha Simões, born in Lisbon, Portugal, on 23 November 1952, Portuguese citizen, presently in jail at Vale de Judeus, Portugal.

2. José António dos Santos Esteves, born in Angola (former Portuguese colony), on 14 May 1953, presently alive, Portuguese citizen, living in Lisbon, Portugal.

The Agency Release Panel (ARP) considered your appeal and determined that, in accordance with Section 3.6(a) of Executive Order 13526, the CIA can neither confirm nor deny the existence or nonexistence of records responsive to your request. The "fact of" the existence or nonexistence of requested records is currently and properly classified and relates to intelligence sources and methods information that is protected from disclosure by Section 6 of the CIA Act of 1949, as amended, and Section 102A(i)(l) of the National Security Act of 1947, as amended. Therefore, in accordance with Agency regulations set forth in part 1900 of title 32 of the Code of Federal Regulations, the ARP denied your appeal on the basis of FOIA exemptions (b)(1) and (b)(3). In accordance with the provisions of the FOIA, you have the right to seek judicial review of this determination in a United States district court.

Sincerely,

Michele Meeks
Executive Secretary
Agency Release Panel

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

RECEIVED
SDNY PRO SE OFFICE
2015 SEP 24  PM 1:55

FROM:
ALAN WEBERMAN
345 E 94TH ST #2DC
NY NY 10128

TO:
USDC SDNY
PRO SE INTAKE UNIT
DANIEL MOYNIHAN CT. HS.
500 PEARL ST #200
NY NY 10007

UNITED STATES POSTAL SERVICE

PRESS FIRMLY TO SEAL

USM SDNY

Delivery Day: 09/24/2015
TRACKING NUMBER
3384 5266 0772 05

PRIORITY MAIL

VISIT US AT USPS.COM

EP14F July 2013

